18-1348-cv
Barr v. City of White Plains

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

PRESENT: DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges.*

------------------------------------------------------------------

ROBERT BARR, CARLOS BEDOYA, ERIC BENSON, WILLIAM BERTRAM, ERIC BIERS, WAYNE BOGART, JOHN BONNER, CARL BOCHTERLE, JOSEPH BORRELLI, PATRICIA BRENGAL, LARRY BROWN, BRIAN BUCHANAN, MICHAEL BUDNAR, GARY BURRIS, ROBERT CALLI, ERNEST CAMPOSANO, WILLIAM CAREY, MARK CARLTON, TONY CIARAMELLA, DENNIS COFFEY, NICHOLAS CONTE, KENNETH CORSELL, GEORGE CRAIG, DENNIS CULLEN, ALFRED CUOZZO, GEORGE CURRY, KENNETH

CURTIN, JOHN ,DALY, ROBERT DAVIS, PETER
DAY, ROBERT DEFAZIO, JOSEPH DETOIA,
ANTHONY DIGIOVANNI, TIMOTHY DOLCE,
THOMAS DONATONE, RICHARD DOUGLASS,
EDDIE ELLISON, MICHAEL EMHARDT,
CHARLES FAULKNER, RICHARD FERNANDEZ,
MICHAEL FILARDI, VINCENT FINNEGAN,
KENNETH FORD, FRANK FRAIOLI, FRANK
GAGLIARDO, DENNIS GALINSKI, VINCENT
GIGLIO, EDGARDO GONZALEZ, THOMAS
GRADY, ROLAND GRAHAM, WILLIAM GRANT,
STEPHEN HANAK, JAMES HANLON, JAMES
HARDING, GREGORY HELBECK, JAMES
HENDERSON, JR., DANIEL HICKEY, CYNTHIA
HOOD, WILLIAM HRISKONICH, ALFRED
IMPAUOMENI, ANTHONY ISMAILOFF,
DANIEL JACKSON, JOHN JACKSON, JOHN
JOHNSON, EDMUND KARDAUSKAS, MICHAEL
KATRAS, DOROTHY KAY, DENNIS KEIDONG,
JOHN KELLEHER, ROBERT KELLY, THOMAS
KELLY, NICHOLAS KRALIK, JR., HERMAN
KRAUS, JOHN KRAYNIAK, VIRGINIA KULLS,
FRANK LANZA, KENNETH LEE, STEWART LEE,
ROBERT LEIGHT, ROBERT LOMBARDI,
MICHAEL LUISO, MICHAEL MAFFEI, JOHN
MALLON, JENNY MANDALA-O'ROURKE,
JOSEPH MANDARINE, JEROME MANY,
THOMAS MARANO, KENNETH MIDDLETON,
RUFUS MITCHELL, JOYNE MUNERA,
RAYMOND NAGLE, JOHN NEIL, CRAIG
NIGHTINGALE, JOHN NOLAN, DENNIS
O'KEEFE, TIMOTHY O'LEARY, THOMAS
O'SHEA, JAMES PADIAN, JOHN PODLAS,
CASEY QUIN, ROBERT REILLY, RAPHAEL
RICCI, HENRY RICE, JEROME ROACHE, CARL

ROSSING, EDWARD RUTLEDGE, ANTHONY SABATINO, EDWARD SCOCA, STACEY SEBA, DONALD SHAMLEY, EDGAR SMALI,, RICHARD SMITH, LINDA STEEL, KENNETH STEVENS, ALFRED STIPO, JOANN STRATI-STEAD, JOSEPH STEMPEL, RONALD STROH, SR., JAMES SWEENEY, RONALD TATUSKO, RICHARD TAYLOR, STEVEN TREBING, BRIAN USTIN, ROBERT VAN VOORHIES, ALBERT VESSA, PETER VIVIANO, KEITH WALKER, DONALD WEISS, DONALD WESTLAKE, ROBERT WILHELM, WALTER WILLIAMS, RICHARD YANTZ, on behalf of themselves as Retired Employees of the City of White Plains formerly in the Police Benevolent Association of White Plains, Inc.,

*Plaintiffs-Appellants*,

v.

No. 18-1348-cv

CITY OF WHITE PLAINS and THOMAS ROACH, As Mayor of the City of White Plains, County of Westchester, State of New York, JOHN CALLAHAN, as Chief of Staff/Corporation Counsel of the City of White Plains, County of Westchester, State of New York, THE CITY COUNCIL OF THE CITY OF WHITE PLAINS, comprised of JOHN KIRKPATRICK, in his official capacity as a Member of the Common Council, BENJAMIN BOYKIN, II, in his official capacity as

a Member of the Common Council,
DENNIS E. KROLIAN, in his official
capacity as a Member of the
Common Council, MILAGROS
LECUONA in her official capacity as
a Member of the Common Council,
JOHN M. MARTIN, in his official
capacity as a Member of the
Common Council, and BETH N.
SMAYDA, in her official capacity as
a Member of the Common Council,

*Defendants-Appellees*.[1]

------------------------------------------------------------------

FOR APPELLANTS: JOSEPH A. MARIA, Joseph A. Maria, PC, White Plains, NY.

FOR APPELLEES: RICHARD K. ZUCKERMAN (Matthew J. Mehnert, *on the brief*), Lamb & Barnoksy, LLP, Melville, NY.

LALIT K. LOOMBA (Peter A. Meisels, John M. Flannery, Eliza M. Scheibel, *on the brief*), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Cathy Seibel, *Judge*).

---

[1] The Clerk of Court is directed to amend the official caption as shown above.

4

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-appellants are retired police officers formerly employed by the City of White Plains (the "City") who were hired before July 1, 1995 and retired before May 24, 2010. They appeal from a judgment of the District Court (Seibel, J.), granting summary judgment in favor of the City and other municipal defendants, including members of the City's Common Council, and dismissing the appellants' claims under the Contracts Clause of the United States Constitution, Article I, Section 10, and the Equal Protection Clause of the Fourteenth Amendment. The appellants' appeal arises from a City Ordinance enacted in 2010 that terminated the City's payment of 100 percent of health insurance premiums for retired police officers. Instead, it required the officers to contribute the difference, if any, between 85 percent of the cost of the New York State Empire Health Insurance Program premium and the full premium cost of the health insurance plans in which they were enrolled. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

5

1.  The Contracts Clause Claim

The appellants claim that the City's 2010 Ordinance violates the Contracts Clause because their collective bargaining agreement (CBA) guaranteed that the City would pay the full cost of their health insurance premiums.   As an initial matter, this claim fails because appellants have forfeited any argument that the 2010 Ordinance constitutes an impairment, rather than a contractual breach.   See TM Park Ave. Assocs. v. Pataki, 214 F.3d 344, 349 (2d Cir. 2000).   In any event, the appellants also failed to contradict record evidence provided by the City that the 2010 Ordinance served a significant public purpose or that any contractual impairment of that guarantee was reasonable and necessary to effectuate that purpose.   See Buffalo Teachers Fed'n v. Tobe, 464 F.3d 362, 368 (2d Cir. 2006) (citing Energy Reserves Grp., Inc. v. Kan. Power & Light Co., 459 U.S. 400, 411–13 (1983); Sanitation & Recycling Indus., Inc. v. City of New York, 107 F.3d 985, 993 (2d Cir. 1997)).   We have held that "the legislative interest in addressing a fiscal emergency is a legitimate public interest."   Buffalo Teachers, 464 F.3d at 369; see also Home Bldg. & Loan Ass'n v. Blaisdell, 290 U.S. 398 (1934).   At most, Appellants dispute that the City was in a "real fiscal emergency."   Appellants'

6

Br. at 25.   But as the District Court explained, the City provided substantial unrebutted evidence that the 2010 Ordinance was passed to address a serious budget shortfall and impending credit downgrade caused by the global financial crisis that started in 2008 and, for the City, worsened considerably as of 2010.[1] We also agree with the District Court that any alleged impairment caused by the 2010 Ordinance to address the City's fiscal emergency was reasonable and necessary—a conclusion that the appellants in any event do not challenge on appeal.   See Buffalo Teachers, 464 F.3d at 371 (citing U.S. Tr. Co. of N.Y. v. New Jersey, 431 U.S. 1, 30–31 (1977)).   The City presented ample evidence that it passed the 2010 Ordinance only after pursuing a range of measures to increase revenue and cut expenses.   And although New York law permitted the City to require the appellants to contribute up to 50 percent of the premium amount, the 2010 Ordinance required the appellants to contribute substantially less.   See N.Y. Civ. Serv. Law § 167(2).

---

[1] For example, Moody's gave the City a "negative" credit rating outlook in 2009 and did not change its outlook to "stable" until 2013.   An actual downgrade in the City's credit rating was avoided in part because the City pursued a course of fiscal belt-tightening.

Because the 2010 Ordinance was passed for the legitimate public purpose of averting a fiscal crisis and the City used reasonable and necessary means to do so, we affirm the District Court's judgment dismissing the appellants' claim under the Contracts Clause.

2.  The Equal Protection Claim

The appellants concede that rational basis review applies to their equal protection claim.   The appellants were all retirees at the time the 2012–2018 collective bargaining agreement was executed.   They were therefore not similarly situated to active employees, who could then participate in collective bargaining.   Because we agree with the District Court that the two groups were not similarly situated, we affirm its dismissal of the appellants' equal protection claim.

We have considered the appellants' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8